Frank BEARDEN, d/b/a Bearden Plumbing & Heating Company, Plaintiff in Error,

v.

Darwin C. SMITH and L. E. Smith, a copartnership, d/b/a L. E. Smith Construction Company, Defendants in Error.

No. 36285.

Supreme Court of Oklahoma.

Sept. 21, 1954.

Rehearing Denied Oct. 12, 1954.

pany, an alleged unpaid balance due on a contract for installation of plumbing, heating and air conditioning systems in a municipal hospital. The parties will be referred to as they appeared in the trial court.

The defendant was the general contractor for the construction of a hospital in and for the City of Woodward, Oklahoma. The plaintiff was a subcontractor under the defendant for the installation of plumbing, heating and air conditioning facilities and equipment in the said hospital. The plaintiff submitted a written bid to defendant for said work and the same was accepted. The amount thereof was approximately $64,000. Subsequently and while the construction was under way, the said City of Woodward asked for bids on construction of additions and extensions to the building. This was known as change order No. 4. Before making a bid thereon defendants requested a bid from plaintiff for the additional plumbing required by change order No. 4. Plaintiff submitted a written bid of $1,235 on the work, which bid was accepted by defendants who, in turn, submitted a bid on the entire additional construction, including therein the item of "Plumbing and Heating $1,235." Defendants' bid was accepted.

In the progress of the work on the original structure, plaintiff was directed by employees of defendants to proceed with that project while awaiting action on the bids on change order No. 4. Plaintiff objected on the ground that the bid of $1,235.-00 on the change order was dependent upon construction of the two items simultaneously. Otherwise, to complete the first and then make the changes necessary, would make the expense much greater. However, he was prevailed upon to complete the original job upon the promise of some of said employees of defendants that the additional expense would be paid for by defendants. After all the work was completed defendants mailed plaintiff a check for $12,413.14, attached to which was an itemized statement of charges and credits showing a balance due to plaintiff by defendants of said amount of $12,413.14.

---

Hickman & Hickman, Frank Hickman, Frank R. Hickman, Tulsa, for plaintiff in error.

Covington & Donovan, A. M. Covington, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action whereby Frank J. Beardon, doing business as Beardon Plumbing and Heating Company, as plaintiff, seeks to recover from the defendants, Darwin C. Smith and L. E. Smith a partnership, doing business as L. E. Smith Construction Com-

Thereafter plaintiff wrote defendants as follows:

"We are in receipt of your check for $12,413.14 accompanying statement of account prepared by you on the Woodward Hospital job. This would be the correct balance owing us if the amount shown ($1,235.00) on the item of Revised Basement Plan (Change Order No. 4) was the correct amount. You will recall the additional changes ordered by you after the Basement Plan was revised were made by us with the understanding that you would pay for such added changes.

"Therefore we are accepting the check you sent us as payment of that amount but not in full settlement of the correct amount owing us. We shall contact you shortly for the purpose of discussing the true balance owing us."

The check was cashed by plaintiff and, when no settlement could be reached with defendant as to the balance of $2,274.00 claimed to be unpaid, this action was filed. In answer thereto, the defendants asserted that the work required by change order No. 4 was a separate contract for which plaintiff had submitted a written bid which had been accepted; that, for all work required of plaintiff under said contract, he had been paid in full.

At the trial of said cause, plaintiff's evidence established the facts above outlined and, in addition, plaintiff testified with reference to the $12,000 check, as follows:

"When I got the check, and that sketch I called Smith and asked why he didn't include the rest of the money, and he said, 'That is all I owe' and I asked him what he was going to do about the additional work to go along with change order #4 and change and re-vamping of the steam pipe on the stage and the rest of the basement and he said he didn't know anything about that."

At the close of plaintiff's evidence, the defendant demurred thereto. The demurrer was sustained and judgment rendered for defendant. From that judgment, plaintiff has perfected this appeal.

■ The facts in the case at bar are, in many respects, analogous to those in the case of Jackson Materials Co. v. Grand River Dam Authority, 197 Okl. 353, 170 P.2d 552, 558. Therein, this court quoted the Texas Court in the case of City of Dallas v. Shortall, 131 Tex. 368, 114 S.W.2d 536, as follows:

" 'To justify recovery against city for extra expense incurred in preformance of contract because of city's misrepresentation of conditions under which contract was to be performed, some element of deception which in contemplation of law is fraudulent or amounts to bad faith must be proved.' "

And:

" 'A person who agrees to do for a fixed sum a thing possible to be performed will not be excused or become entitled to additional compensation because unforeseen difficulties are encountered.' "

■ The same rule applies to the case now before us. Plaintiff submitted a written bid for the plumbing and heating work required by change order No. 4. That bid was accepted. Regardless of the manner or time of performing, plaintiff was bound under the terms of his contract to do the work for a certain price. The fact that one of defendants' employees induced him to perform the work in a manner or at a time which caused additional expense, does not change the situation. In addition, the pleadings and the evidence make no attempt to plead or prove that such employee had any authority whatever to bind the defendant. The plaintiff was at liberty to refuse to comply with any request or direction of an employee if it was outside the terms of his written contract. To hold otherwise, would be to strike down the force and effectiveness of a written contract, in violation of the provisions of 15 O.S.1951 § 237.

The plaintiff failed to establish his right to recover additional compensation and the trial court was correct in sustaining the demurrer to the evidence. There is merit also in defendants' contention that by accepting and cashing the $12,000 check,

plaintiff had acknowledged payment in full. But our opinion on the first proposition makes it unnecessary to determine the latter.

The judgment is affirmed.

HALLEY, C. J., and JOHNSON, V. C. J., and CORN, WELCH, WILLIAMS, and BLACKBIRD, JJ., concur.